UNITED STATES BANKRUPTCY COURT
District of Maine

*Date: July 21, 2010*
*Time: 9:00*
*Location: Portland*
*Objection Date: July 14, 2010*

IN RE:

ALESSANDRA PAGE

Debtor

CHAPTER 13
CASE NO. 09-21493

MOTION TO ALLOW AND DISALLOW CLAIMS

The debtors or debtor (hereinafter "debtor"), by and through counsel, files the following motion pursuant to the Order Confirming Chapter 13 Plan and D.Me.LBR 3015-3.

**I.    ALLOWANCE OF CLAIMS.**  The debtor moves to allow the following claims and to authorize payment as set forth below.  The amounts listed include all payments made during the plan to date, as well as all payments to be made during the remaining term of the plan.  Claim numbers are those set forth on the court's Claims Register.

A.    Administrative Claims.   The following administrative claims shall be paid as follows by the trustee from funds paid by the debtor;
    1.    Trustee's fees as allowed by 28 USC §586        $984.91
          computed 10%
    2.    Debtor's attorney's fees                        $1,600.00

    3.    Administrative reserve                          $4,511.00

B.    Secured Claims Paid Directly by Debtor.   The following secured claims shall be paid directly by the debtor pursuant to the existing contract(s) between the debtor and the creditor(s).  The lien securing each claim shall not be impaired and the underlying claim shall not be discharged.

| Claim No. | Creditor | Collateral | Details |
|---|---|---|---|
| 3 | Toyota | Car | $382.83/mo. Mos. 1-54 |
| 4 | HSBC | Residence | $1,200.65/mo. Mos. 1-54, or pursuant to contract |

C.    Secured Claims Paid Through Trustee From Debtor's Funds.   The following secured claims (including claims to cure defaults for which

current payments are made pursuant to ¶I.B, above) for which proofs of claim appear of record shall be paid as follows through the trustee from funds paid by the debtor.  Treatment of claims is set forth in the confirmed plan.  The confirmed plan is modified, *pro tanto*, to pay the amount set forth for each secured creditor.

| Claim No. | Creditor | Collateral | Allowed Claim Or Arrears | Interest Rate | Monthly Payment | 1st/Last Payment |
|---|---|---|---|---|---|---|
| 9 | Windham | residence | 804.27 | $95.73 | $400.00 Month 10; $60.00/mo. Mos. 11-16; $140.00 Month 17 | 10-17 |
|  |  |  |  |  |  |  |

D.  <u>Cure of Executory Contracts and Leases</u>. Pre-petition monetary defaults on the following executory contracts and leases for which proofs of claim appear of record will be cured as follows by payments through the trustee from funds paid by the debtor.  The confirmed plan is modified, *pro tanto*, to pay the amount set forth to cure each executory contract and/or lease.

| Claim No. | Creditor/Lessor | Property Leased | Total Amount Of Arrears | Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

E.  <u>Priority Claims</u>.  The following priority unsecured claims for which proofs of claim appear of record shall be paid as follows through the trustee from funds paid by the debtor.  Treatment of claims is set forth in the confirmed plan.  The confirmed plan is modified, *pro tanto*, to pay the amount set forth for each priority creditor.

| Claim No. | Creditor | Description of Claim | Amount of Claim |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

F.  <u>Unsecured Claims</u>.  The following unsecured claims not entitled to priority for which proofs of claim appear of record shall be paid as follows through the trustee from funds paid by the debtor.  A dividend of no less than $1,848.00 shall be paid to Class One general unsecured creditors.  The dividend shall be increased by the unused portion of the administrative reserve, if any, or as the result of the disallowance of

any claim, except as otherwise ordered by the court. Treatment of claims, including provisions for small claims and other classes of unsecured claims is set forth in the confirmed plan. The confirmed plan is modified, *pro tanto*, to pay no less than the amount set forth for each unsecured creditor. Small claims shall be paid at $50.00 each.

| Claim No. | Creditor | Filed Amount | Dividend Amount |
|---|---|---|---|
| 1 | AmEx / Becket & Lee | $12,035.33 | $216.22 |
| 2 | Nat'l Bank Kansas / GMAC | $47,058.47 | $845.44 |
| 5 | PRA | $7,755.08 | $139.32 |
| 6 | PRA | $773.04 | $50.00 |
| 7 | CR Evergreen | $18,701.90 | $335.99 |
| 8 | CR Evergreen | $14,529.25 | $261.03 |

**II. OBJECTION(S) TO CLAIMS.** The debtor objects to the following claims for the reasons set forth:

| Claim No. | Creditor Name & Address | Claim Amount/Status | Grounds for Objection |
|---|---|---|---|
|  |  |  |  |

**III. RECONCILIATION AND/OR MODIFICATION OF PLAN.**

A. The foregoing allowance and disallowance of claims is feasible as set forth in the following reconciliation. (Payments from the debtor to the trustee must equal total distributions to be made through the trustee.)

**Total payments from debtor to trustee**              **$9,849.06**

**Distributions to be made through trustee pursuant to plan**

1. Trustee's fees      $ 984.91
   (8.5% of total payments from debtor, above)
2. Debtor's attorney's fees allowed to date      $1,600.00
3. Administrative reserve      $4,516.15
4. Other administrative claims Additional funds      $0
   to be added to Reserve
5. Secured claims including interest (arrears and other)
   a. Windham      $ 900.00
6. Total priority claims      $ 0.00
7. Total to Class One small claims      $ 50.00
   general unsecured creditors
   general unsecured creditors      $ 1,798.00
9. Total to other classes      $ 0.00
   of general unsecured creditors

**Total distributions
to be made through trustee** (sum of 1 through 10)      **$9,849.06**
(Same as total payments from debtor to trustee)

B.   **Modification of Plan & Motion to Amend Order Confirming Plan.**

1.   The debtor's confirmed plan, as it appears at docket entry #17, provides as follows:

    a.   Payment of $182.39 per month for 54 months.
    b.   Total payments from debtor to trustee $9,849.06
    c.   The total term of the confirmed plan is 54 months.

2**.**   **T**he debtor's plan is modified as follows, *pro tanto*, to provide for payments to the trustee that correspond to the reconciliation set forth above.
    a.   Administrative reserve is increased by $5.15 to address a small discrepancy.

The total term of the plan, from the date of filing through the conclusion of the plan payments as set forth, shall be a total of 54 months. In addition, the debtor shall contribute all excess tax refunds as provided in the confirmation order.

3.   The reason(s) for modifying the plan are as follows:  **Small discrepancy in math.**

### IV.   DEBTORS' MOTION TO STRIP LIENS ON REAL PROPERTY, PURSUANT TO 11 U.S.C. § 1322, FEDERAL RULES OF BANKRUPTCY PROCEDURE RULES 9013 AND 9014, AND LOCAL BANKRUPTCY RULES 9013-1 AND 9014-1

NOW COMES the Debtor, Alessandra Page, by and through the undersigned counsel, and pursuant to 11 U.S.C. § 1322, Federal Rules of Bankruptcy Procedure Rules 9013 and 9014, and Local Bankruptcy Rules 9013-1 and 9014-1, hereby respectfully request that this Court strip the second mortgage lien held by National Bank of Kansas / GMAC in Debtors' residential real property as wholly unsecured by the underlying claim. As grounds therefore, Debtor states as follows:

1.   On September 24, 2009, Debtors filed a voluntary petition under Title 11, Chapter 13 of the United States Bankruptcy Code ("the Code").

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a). Venue is appropriate under 28 U.S.C. §§ 1408 and 1409. This Motion, and the proceedings thereon, are core matters pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O). The statutory and other predicates for relief include Section 1322 of the Code, Federal Rules of Bankruptcy Procedure Rules 9013 and 9014, and Local Bankruptcy Rules 9013-1 and 9014-1.

3.   Property of the estate includes a certain parcel of real property located at 8 Fall Ridge Road, town of Windham, County of Cumberland, and State of Maine (together with any and all attachments, buildings, additions, appurtenances, and improvements thereon)(the "Property,"), which property currently and at all relevant times, serves as Debtors' principal residence.

4.   On or about February 19, 2004, Debtor executed and delivered

to National Bank of Kansas City a certain note in the approximate amount of $295,000.00 to refinance purchase the property (the "Note"). To secure the note, prepetition, the Debtor also executed and delivered to National Bank of Kansas City a certain mortgage (the "Mortgage"), granting to National Bank of Kansas City a valid, properly perfected and duly enforeceable first priority mortgage security interest in the Property, which mortgage security interest was perfected with the recording of the mortgage in the Cumberland County Registry of Deeds, Book 20940, Page 318. Said mortgage was subsequently transferred to HSBC and bore a principal balance of $179,620.00 as of Debtors' filing.

     5.   On or about March 12, 2004, Debtor executed and delivered to National Bank of Kansas City a certain note in the approximate amount of $50,000.00(the "Note"). To secure the note, prepetition, the Debtor also executed and delivered to National Bank of Kansas City a certain mortgage (the "Mortgage"), granting to National Bank of Kansas City a valid, properly perfected and duly enforeceable second priority mortgage security interest in the Property, which mortgage security interest was perfected with the recording of the mortgage in the Cumberland County Registry of Deeds, book 20969, page 346. The second mortgage came to have a balance of $47,058.47.

     6.   As set forth on Debtor's Schedule A, the value of the Property on the filing date, according to a comparative market analysis, was $130,300.00. The Debtor's interest in the Property in the absence of any liens is approximately $130,300.00. The above total exceeds the value of the Debtors' interest in the Property by the amount of $96,378.47. The amount of the debt owed to National Bank of Kansas City that is secured by its second mortgage ($47,058.47) is less than $96,378.47. The National Bank of Kansas City second mortgage is entirely unsecured and should be stripped.

     WHEREFORE, Debtor respectfully requests that, pursuant to 11 U.S.C. § 1322, this Court deem National Bank of Kansas City's second mortgage stripped, and grant the Debtor such other and additional relief as it deems just and necessary.

**V.**     **OBJECTIONS TO CLAIMS.**
                                  **N/A.**

Dated at Portland, Maine, this 15th day of June 2010.

                                                     LAW OFFICE OF J. SCOTT LOGAN, LLC

                                                     By: /s/ J. Scott Logan
                                                     J. Scott Logan, Esq.
                                                     Counsel for Debtors
                                                     415 Congress Street, Ste. 202
                                                     Portland, Maine 04101
                                                     (207) 699-1314